ORIGINAL

Approved: _____
Jacob R. Fiddelman
Assistant United States Attorney

Before: HONORABLE KATHARINE H. PARKER,
United States Magistrate Judge
Southern District of New York

------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

18 MAG 9053

UNITED STATES OF AMERICA

- v. -

JOSE PEREZ,

Defendant.

**COMPLAINT**

Violations of 18
U.S.C. §§ 2422(b) and
2

COUNTY OF OFFENSE:
NEW YORK

------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

PAUL BYRNE, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

**COUNT ONE**

(Attempted Inducement of a Minor to
Engage in Sexual Activity)

1. From at least on or about September 18, 2018, up to and including on or about October 24, 2018, in the Southern District of New York and elsewhere, JOSE PEREZ, the defendant, willfully and knowingly, did use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, PEREZ used phone messaging applications to attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity, and attempted to meet with the minor in Manhattan, New York, to engage in sexual activity, in violation of New York State Penal

Law Sections 130.20(1) and (2), 130.30(1),, 130.35(4), 130.40(2), 130.45(1), 130.50(4), 130.60(2), and 130.65(4).

(Title 18, United States Code, Sections 2422(b) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2.  I am a Detective with the NYPD, and I have been personally involved in the investigation of this matter. I am assigned to a task force charged with enforcing federal laws prohibiting child pornography and other forms of child exploitation. As such, I have worked on numerous investigations and prosecutions involving minor victims and the adults who victimize these children. This affidavit is based in part upon my personal knowledge, my review of databases and documents, and my conversations with other law enforcement agents with personal knowledge of the facts contained herein. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## Overview

3.  As described in greater detail below, based on my involvement in the investigation, I have learned, among other things, that from on or about September 18, 2018, up to and including on or about October 24, 2018, JOSE PEREZ, the defendant, exchanged text and other messages with an NYPD officer acting in an undercover capacity ("UC-1") in which PEREZ sent sexually explicit images of himself and expressed his desire to engage in sexual activity with UC-1, whom he believed to be an underage girl. During the course of his communications with UC-1, PEREZ arranged to meet with UC-1 to engage in sexual activity. PEREZ confirmed his desire to meet with UC-1 in a recorded phone call with an FBI agent acting in an undercover capacity ("UC-2"), whom PEREZ believed to be the same underage girl.

## Investigation

4.  Based upon my personal participation in the investigation of this matter, my conversations with law enforcement officers, and my review of relevant databases and documents, I have learned the following, in substance and in part:

2

    a. The NYPD maintains an undercover account on the cellular telephone-based social media application Meet24 ("Account-1"), a dating application that, based on my training and experience, I know to be used by individuals with a sexual interest in children.  Meet24 allows users to exchange text messages, photographs, and videos.

    b. On or about September 18, 2018, a Meet24 user with the username of "joe Perez," later identified as JOSE PEREZ, the defendant, sent a message to Account-1.

    c. On or about September 19, 2018, PEREZ sent messages to UC-1 at Account-1.  Among other things, UC-1 communicated to PEREZ that UC-1 was 12 years old.  PEREZ responded by asking UC-1, "Do u have a boyfriend" and later sent a message stating, "I know there's a bunch of years between us but i like u".  PEREZ stated that he was 34 years old, to which UC-1 again stated that UC-1 was 12 years old.

    d. On or about September 19, 2018, PEREZ and UC-1 agreed to move their conversation from Meet24 to text messages.  PEREZ provided UC-1 with his cell phone number ("Phone-1").

  5. Based on my involvement in the investigation, I know that between on or about September 18, 2018, and on or about October 24, 2018, JOSE PEREZ, the defendant, continued to communicate with UC-1 through text messages that the defendant sent from Phone-1.  Based on my review of those text messages, I have learned the following, in substance and in part:

    a. UC-1 told PEREZ that she lives in in Manhattan, New York.  PEREZ told UC-1 that he lives in the Bronx, New York.

    b. During the course of their text conversations, PEREZ confirmed he understood UC-1's age, stating: "I dont think of u as a 12 year old."

    c. During the course of their text conversations, PEREZ asked UC-1 if she had "ever seen a penis."  UC-1 told PEREZ that she had, to which PEREZ wrote: "I have a real one . . . One day I'll show u."

    d. During the course of their text conversations, PEREZ asked UC-1 to take naked photographs of herself and to send the photographs to PEREZ.  PEREZ sent UC-1 multiple photographs of himself using Phone-1, including lewd photographs of his genitals and a video of himself masturbating.  In the photographs and video, certain distinctive tattoos are visible

on PEREZ's body.

      e. During the course of their text conversations, PEREZ repeatedly stated that if he and UC-1 were to meet, he would perform oral sex on her. PEREZ stated that he would then "penetrate" her "pussy." PEREZ stated, "I'll b ur man and u my woman," repeatedly asked UC-1 to "make love" with him and perform oral sex on him, and later asked UC-1 whether she could "handle a few hours of fucking." PEREZ repeatedly stated his intent to engage in oral, vaginal, and anal sex with UC-1.

      f. During the course of their text conversations, PEREZ asked UC-1 to masturbate while exchanging text messages with him and stated, "Maybe i can get my picture today." PEREZ later asked UC-1 for explicit photographs of herself, stating "Send me pic of boobs so i can cum or ur pussy."

      g. During the course of their text conversations, PEREZ and UC-1 discussed meeting in person to have sex. PEREZ repeatedly asked for confirmation that it was safe to return to UC-1's residence, stating "R u sure we'll b ok in ur house if something happens i go to jail."

      h. PEREZ and UC-1 arranged to meet in person at a fast-food restaurant ("Location-1") in the Lower East Side of Manhattan, New York, on the morning of October 24, 2018. PEREZ agreed to bring a cell phone as a gift for UC-1 and sent a photograph of the phone to UC-1 in advance of the meeting. PEREZ also requested that UC-1 wear sweatpants and no panties, for "easy access."

    6. Based on my review and searches of law enforcement databases, I have learned that Phone-1 is associated with an individual named "Jose Perez," and that the name "Jose Perez" is associated with a particular date of birth ("Birthdate-1").

    7. Based on my review of photographs maintained by law enforcement of an individual named "Jose Perez" with Birthdate-1, I believe that JOSE PEREZ, the defendant, is the individual who communicated with UC-1. Specifically, I have compared law enforcement photographs of "Jose Perez" with photographs of himself that PEREZ sent UC-1 via text messages sent from Phone-1, and I believe that PEREZ and the male depicted in those photographs are one and the same.

    8. On October 24, 2018, at approximately 11:00 a.m., I observed JOSE PEREZ, the defendant, arrive at Location-1 at the approximate time agreed to in the text communications with UC-1.

4

Based on my observation of PEREZ, he appears to be the same individual in both the pictures sent using Phone-1 to UC-1 and in the law enforcement database. After waiting at Location-1 for some time, PEREZ stepped outside onto the sidewalk. A female law enforcement officer ("UC-3"), also pretending to be the same 12-year-old girl, placed a call to Phone-1, and I observed PEREZ answer his cell phone. UC-3 stated, in sum and substance, that she was inside Location-1. I observed PEREZ then re-enter Location-1. Law enforcement officers apprehended PEREZ shortly thereafter.

9. During a search incident to arrest, law enforcement officers recovered, among other things, Phone-1 and an additional cell phone from the person of JOSE PEREZ, the defendant. I have compared the additional cell phone recovered from PEREZ's person to the cell phone depicted in the photograph that PEREZ stated he would bring for UC-1 as a gift, see supra ¶ 5(h), and I believe the phones are one and the same.

10. I have personally observed that PEREZ has tattoos that match those visible in the lewd photographs and video of himself that PEREZ sent to UC-1 from Phone-1. See supra ¶ 5(d).

WHEREFORE, the deponent respectfully requests that JOSE PEREZ, the defendant, be imprisoned, or bailed, as the case may be.

_____
PAUL BYRNE
Detective
New York City Police Department


Sworn to before me this
25th day of October, 2018

_____
HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK